UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| RODNEY ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-00041-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, ACTING | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL | ) | **&** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Rodney Abbot seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied Abbott's claim for supplemental security income and disability insurance benefits. Abbott brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Abbott's Motion for Summary Judgment and **GRANT** the Commissioner's.

**I**

**A**

Plaintiff Rodney Abbott filed an application for Title II disability insurance benefits and Title XVI supplemental social security in June 2015, alleging disability beginning April 1, 2015 in both claims. [Transcript (hereinafter, "Tr.") 214–24, 249.] Abbott's claims were denied initially in October 2015 and upon reconsideration in December 2015. [Tr. 15.] At Abbott's request, a hearing was held on July 19, 2017, after which the Administrative Law Judge denied Abbott's claims. [Tr. 30–78.] The Appeals Council declined to review, making the ALJ's

December 26, 2017 decision the final agency decision for purposes of judicial review.

To evaluate a claim of disability for both Title II disability insurance benefit claims and Title XVI supplemental security income claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (supplemental security income claims).[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." C.F.R. § 404.1530(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity ("RFC"), which assess an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At the outset of this case, the ALJ determined that Abbott met the insured status requirements of the Social Security Act through December 30, 2016. [Tr. 18]; *see also* 20 C.F.R. § 404.131. Then at step one, the ALJ found Abbott had not engaged ins substantial gainful activity since April 1, 2015, the alleged disability onset date. [Tr. 18.] At step two, the ALJ found Abbott suffered from the following severe impairments: arthritis; obesity; degeneration of the cervical and lumbar spine; status post motor vehicle collision in February 2015; degeneration of the hands and feet with pre-ganglion cyst; hypothyroidism; anemia; hypertension; history of knee arthroscopy; history of pituitary adenoma and colon cancer with diverticulitis; migraines; depression; and anxiety. *Id.* At step three, the ALJ determined Abbott's combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404 or 416. [Tr. 18–19.] Before advancing to step four, the ALJ considered the record and determined that Abbott possessed the following residual functioning capacity:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant can lift 20 pounds occasionally, 10 pounds frequently; stand or walk for 6 hours in an 8-hour workday, for up to 30 minutes at a time; sit for 6 hours in an 8-hour workday, for up to 30 minutes at a time; perform unlimited pushing or pulling up to the exertional limitations; unlimited balance; occasional reaching overhead bilaterally; frequent handling and fingering bilaterally; no more than occasional stooping, kneeling, crouching, crawling or climbing ramps or stairs, but no

3

climbing ladders, ropes, or scaffolds; no work in areas of concentrated cold; no work in areas of concentrated humidity; no work in areas of concentrated, full body vibration; no work around dangerous, moving machinery or unprotected heights; no more than simple, routine work; can persist in attention, concentration and pace for two-hour intervals necessary to complete simple tasks; no more than occasional interaction with co-workers or supervisors, but more than occasional contact with the general public; no more than occasional changes in workplace setting.

[Tr. 20.] After explaining Abbott's RFC, the ALJ found at step four that, based on his RFC, his age, education, and work experience there are jobs in the national economy that Abbott can perform. Accordingly, the ALJ found at step five that Abbott is not disabled pursuant to 20 C.F.R. §§ 404.1569(a) and 416.969(a).

## B

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.

*Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Abbott's arguments focus primarily on the ALJ's assessment of his RFC. More specifically, Abbott argues: the RFC is not supported by substantial evidence because (1) the RFC is inconsistent on its face; (2) the ALJ did not consider all the evidence in the record in compliance with 20 C.F.R. § 404.1529; (3) it was error to give "great weight" to the state agency physical doctors; (4) it was error to reject the evidence provided by Abbott's sister as to his physical limitations; and (5) the ALJ failed to resolve inconsistencies in the record. [R. 12-1 at 15.] Finally, Abbot argues that the hypothetical question did not accurately describe Abbott and was not supported by substantial evidence. *Id.* For the reasons set forth below, Abbott's arguments do not warrant a reversal of the ALJ's determination.

## A

Although broken down into several subparts, most of Abbott's arguments essentially address the same issue: Abbott's RFC, as articulated by the ALJ, is not supported by substantial evidence. Abbott argues that the "whole record was not considered," and there was no "thorough discussion and analysis of the effects of the pain." [R. 12-1 at 10.] Abbot would have the ALJ address, in writing, every iota of information in the record in his written decision. But there is no requirement that the ALJ address every piece of evidence or data in his written

5

decision provided the ALJ considers that evidence and makes a "reasoned conclusion." *See Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010). According to *Gooch v. Secretary of Health & Human Services*, "the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered." 833 F.2d 589, 592 (6th Cir. 1987).

Furthermore, the ALJ's written decision is thorough and thought-out, and supported by citation to the record. The ALJ found Abbott suffered from several severe impairments, including but not limited to "degeneration of the cervical and lumbar spine" and "degeneration of the hands and feet." Tr. 18. Abbott alleges that the ALJ did not consider his symptoms in accordance with 20 C.F.R. § 404.1529, but the ALJ in fact, over the course of several paragraphs, considered all of Abbott's alleged symptoms. Tr. 20–22. In so doing, the ALJ found "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 21. The same applies to the testimony of Abbott's sister. Tr. 22. In reaching this conclusion, the ALJ considered several MRIs done of Abbott's cervical and lumbar spine which showed only "minor bulges," as well as medical exhibits showing minimal side effects from Abbott's pituitary macroadenoma, and no recurrence of colon cancer, among other records. In sum, the ALJ assessed Abbott's testimony of his symptoms by examining which symptoms were supported by the objective medical evidence, as required by § 404.1529.

Abbott next argues that it was error to give "great weight" to state agency doctor Dr. Mukherjee's opinion because his opinion was not based on the whole record. [R. 12-1 at 15.] This argument is unavailing because although the ALJ accorded great weight to Dr. Murkherjee's opinion, the ALJ also considered the medical records beyond what Dr. Murkherjee

examined. Finally, Abbott claims the RFC is inconsistent because the ALJ found that Abbott could only sit or stand for thirty minutes, but could persist in attention for up to two hours. [Tr. 18.] These are different inquiries; the need to alternate positions relates to Abbott's physical impairments, and the ability to focus on a task relates to his mental impairments.

To accept any of Abbott's arguments, the Court would have to reweigh the evidence presented to the ALJ. As already noted, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.

**B**

Next, Abbott asserts that the hypothetical question posed by the ALJ was not supported by substantial evidence, because "[the ALJ] omitted the limitations of the right arm and hand use evidenced by the electronic testing," and "omitted 10-minute breaks after 30 minutes of activity." Because of this, Abbott argues the hypothetical did not accurately portray his individual physical impairments.

To the contrary, the hypothetical posed to the vocational expert accurately portrayed Abbott's RFC. First, the RFC included the limitation that Abbott could only perform work for thirty minutes at a time. Second, "it is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). Thus, the ALJ's hypothetical question is supported by substantial evidence in the record.

In the end, the Court finds the ALJ's opinion was supported by substantial evidence. While a different ALJ may have explained his decision-making process more thoroughly, or

reached any number of alternate conclusions, the instant ALJ opinion still stands.

### III

The substantial evidence standard of review is deferential as it "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen*, 800 F.2d at 545. Accordingly, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the Court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Abbott simply has not convinced the Court that the ALJ's decision contains flaws warranting remand, and summary judgment in favor of the Commissioner will, therefore, be granted.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Rodney Abbott's Motion for Summary Judgment [R. 12] is **DENIED**, but the Commissioner's Motion for Summary Judgment [R. 14] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 1st day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge